HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERHANU G. KELBESSA,

    Plaintiff,

  v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C17-323-RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiff Berhanu G. Kelbessa's complaint with leave to amend.

On March 1, 2017, Kelbessa filed this action alleging that Defendants City of Seattle and Washington State Department of Social and Health Services have committed a broad array of civil rights violations. Dkt. # 1-1. In doing so, Kelbessa submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted his application. Dkt. # 3.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim: "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also See Lopez v. Smith*, 203 F.3d 1122,

ORDER – 1

1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Kelbessa alleges that Defendants have forced him and other individuals into homelessness, prevented them from accessing medical treatment, imposed conditions of enslavement, subjected them to brain controlling technology, and committed other acts of misconduct. Dkt. # 1-1. In addition to Defendants, Kelbessa identifies numerous other entities and individuals as bearing responsibility for his alleged harm, including the FBI, Washington State, unspecified countries and institutions, unnamed company executives, and unnamed criminals. *Id.* at 4.

Taking these allegations as true and construing them liberally, the Court concludes that Kelbessa has failed to state a claim upon which relief can be granted. Kelbessa's allegations are wholly conclusory, as they lack any detail whatsoever concerning the specific conduct of the various entities and individuals named in the complaint. Kelbessa himself appears to acknowledge this deficit in concluding that "details (as much as possible) will follow." *Id.* Without more, the Court concludes that Kelbessa's complaint

ORDER – 2

fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568.

Kelbessa is entitled to an opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). **The Court therefore grants Plaintiff twenty (20) days from the date of this Order to file an amended complaint that states a valid claim for relief.** If Kelbessa fails to timely comply with this Order by filing an amended complaint that sufficiently addresses the deficiencies noted above, the Court will dismiss this action without leave to amend. For the reasons stated above, the Court **DISMISSES** Kelbessa's complaint and grants Kelbessa twenty (20) days from the date of this Order to file an amended complaint.

DATED this 5th day of April, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3