HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERHANU G. KELBESSA,

    Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

    Defendants.

Case No. C17-323-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Berhanu G. Kelbessa's Amended Complaint (Dkt. ## 20, 21), Motion to Appoint Counsel (Dkt. # 2), and Motion for Extension of Time (Dkt. # 7). For the reasons that follow, the Court **DENIES** his motion to appoint counsel, **DENIES as moot** his motion for extension of time, and **DISMISSES without leave to amend** his amended complaint.

## II. BACKGROUND

On March 1, 2017, Kelbessa filed this action alleging that Defendants have committed a broad array of civil rights violations. Dkt. # 1-1. In doing so, Kelbessa submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted his application. Dkt. # 3.

On April 5, 2017, the Court dismissed Kelbessa's complaint. The Court did so pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the complaint of an *in forma pauperis* plaintiff if that complaint fails to state a claim. In dismissing

ORDER – 1

Kelbessa's complaint, the Court granted leave to amend. Kelbessa has since submitted eleven letters. The Court construes these letters as Kelbessa's amended complaint.

### III. DISCUSSION

#### A. Motion to Appoint Counsel

This is a civil action where, as a general matter, a plaintiff does not have a right to counsel. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). In certain cases, "exceptional circumstances" may warrant the appointment of counsel. *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that no exceptional circumstances warrant the appointment of counsel because Kelbessa is unlikely to succeed on the merits. Kelbessa's letters, which the Court construes as his amended complaint, contain sprawling, largely incomprehensible allegations of abuse and enslavement. He requests vast sums of money in damages. *See, e.g.*, Dkt. # 21-3 ($12,980,154,000,000). Neither these allegations nor the remainder of facts alleged in Kelbessa's eleven letters demonstrate that Kelbessa is reasonably likely to prevail on the merits. Because no exceptional circumstances warrant the appointment of counsel, Kelbessa's motions are denied.

#### B. Amended Complaint

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its

ORDER – 2

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

As noted, the Court previously dismissed Kelbessa's complaint with leave to amend because the complaint failed to state a claim upon which relief could be granted. In doing so, the Court stated, "If Kelbessa fails to timely comply with this Order by filing an amended complaint that sufficiently addresses the deficiencies noted above, the Court will dismiss this action without leave to amend." Dkt. # 16.

He has since amended his complaint. His amended complaint, however, fails to correct the deficiencies identified by the Court. Kelbessa alleges a conclusory, incomprehensible array of abuses, including enslavement, violence, economic harm, neglect, and psychological abuse. He alleges trillions of dollars in damages. These allegations lack any conceivable basis in fact and fail to state a plausible claim. Accordingly, Kelbessa's complaint is frivolous and fails to state a valid claim for relief. The Court **DISMISSES** Kelbessa's complaint **without leave to amend**. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect").

### C. Motion for Extension of Time

Kelbessa requests additional time to serve Defendants. Dkt. # 7. Given the Court's foregoing analysis, the Court **DENIES** that motion **as moot**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Kelbessa's Motion to Appoint Counsel (Dkt. # 2), **DENIES as moot** his Motion for Extension of Time (Dkt. # 7), and **DISMISSES without leave to amend** his amended complaint (Dkt. ## 20, 21).

DATED this 28th day of April, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3